IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Harry Marcus Bowen, ) | |
| ) | Civil Action No. 6:05-CV-01021-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Bank One, Nations Credit Inc., ) | |
| M. Parker Vick, The Cooper Law Firm, ) | |
| Robert Cooper, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Nations Credit Inc.'s,[1] Robert Cooper's, and The Cooper Law Firm's (the "defendants") respective motions to refer this matter to the United States Bankruptcy Court for the District of South Carolina, pursuant to 28 U.S.C. § 157 and D.S.C. Local Rule 83.IX.01. This District has acted in accordance with Section 157(a) and granted authority, pursuant to Local Rule 83.IX.01, to refer to the Bankruptcy Court all proceedings arising under Title 11 or arising in or related to a case under Title 11. *See* D.S.C. Local Rule 83.IX.01.

The plaintiff, who is proceeding *pro se*, has responded in an affidavit but without any express objection to referral of the case. (*See generally* Bowen Aff.) It would appear, therefore, that he does not contest the defendants' request. Moreover, the Court agrees with the defendants that the plaintiff's Complaint implicates core proceedings such that referral to the Bankruptcy Court is necessary. *See* 28 U.S.C. § 157(b)(2). On November 1, 2001, the plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. The

---

[1] NationsCredit Financial Services Corporation d/b/a EquiCredit has represented to the Court that the plaintiff has improperly identified it as Nations Credit Inc.

case was dismissed on January 15, 2004. His present claims effectively arise from that action.

Specifically, the plaintiff's Complaint and affidavit reveal essentially two contentions. First, the plaintiff alleges that the corporate defendants have engaged in certain predatory practices such that the Court should set aside all related transactions between those entities and himself. (*See* Complaint 3-4; Bowen Aff. ¶ 3.) Such a claim appears to fall within some or all of the enumerated core proceedings listed in subsections (b)(2)(I)-(K) of Section 157. But, even if such a claim does not fall precisely within one of the enumerated core proceedings, the Court is persuaded that it still qualifies for referral. Proceedings or claims arising in Title 11 include those that "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of bankruptcy." *A.H. Robins Co. v. Dalkon Shield Claimants Trust*, 86 F.3d 364, 372 (4th Cir. 1996). The plaintiff's claim regarding the corporate defendants appears to deal principally with the management and outcome of his Chapter 13 case and would have no meaning in its absence. Although the relief he seeks may no longer be available in bankruptcy for the dismissal of his prior case, on its face the claim appears of that quality and kind.

Second, the plaintiff has pled claims against the attorney and law firm which represented him in his Chapter 13 case. The Fourth Circuit has expressly held that such malpractice claims "fall[] within a bankruptcy court's core jurisdiction under 28 U.S.C. § 157." *Grausz v. Englander*, 321 F.3d 467, 475 (4th Cir. 2003). There is no dispute but that this claim qualifies for referral.

Based upon the foregoing, it is recommended that the defendants' motions to refer this matter to the Bankruptcy Court for the District of South Carolina should be GRANTED and the matter, including all outstanding motions, be referred to the Bankruptcy Court.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

May 18, 2006
Greenville, South Carolina