

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| HARRY MARCUS BOWEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1021-HFF-BHH |
| | § | |
| BANK ONE *et al.*, | § | |
| | § | |
| Defendants. | § | |

ORDER

**I.     INTRODUCTION**

This is an action alleging various predatory lending practices and legal malpractice. Plaintiff is proceeding *pro se.* This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) recommending that the action be transferred to the United States Bankruptcy Court for the District of South Carolina. The Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

**II.    MAGISTRATE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may

1

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 18, 2006, and Plaintiff filed objections on May 23, 2006. Plaintiff's objections attack the Magistrate Judge's recommendation that the case be transferred to Bankruptcy Court, but they fail to offer any specific legal arguments with regard to the Report's conclusions.

**III.    DISCUSSION**

Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's Report, after warning of consequences of failure to object, waives further review). In this case, therefore, the Court is justified in adopting the Magistrate's Report without further review of Plaintiff's claims. Nevertheless, the Court has, in an abundance of caution, reviewed, *de novo*, the record in this case. The Court finds that the Magistrate Judge was correct in recommending that the case be transferred to Bankruptcy Court. Specifically, the Court notes that Plaintiff has failed to marshal any legal authority which overcomes the Report's conclusion that the claims at issue here qualify as core proceedings under the Bankruptcy Code or, at least, are claims which would not exist outside of bankruptcy.

Accordingly, the Court overrules Plaintiff's objections and adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion to transfer

this case to the United States Bankruptcy Court for the District of South Carolina be, and the same is hereby, **GRANTED**.[1]

    **IT IS SO ORDERED.**

Signed this 26th day of May, 2006, in Spartanburg, South Carolina.

                                  s/ Henry F. Floyd
                                  HENRY F. FLOYD
                                  UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

    Plaintiff is hereby notified that he has the right to appeal this Order within **thirty(30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] All other pending motions are transferred to the Bankruptcy Court for disposition.